UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Susan Ward,<br><br>     Plaintiff,<br><br>v.<br><br>Valentine & Kebartas, Inc.,<br><br>     Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a natural person who at all times relevant to the claims set forth herein resided in Humble, Texas.

3. Defendant is a corporation that at all times relevant to the claims set forth herein maintained its principal place of business in Lawrence, Massachusetts.

4. Plaintiff incurred a debt to Dell Financial Services, LLC ("Creditor") in connection with the purchase of goods that were used primarily for personal, family, or household purposes ("the Debt")

5. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

6. After Plaintiff fell behind on her payments to Creditor, Creditor retained Defendant to collect the Debt.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

8. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

9. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

10. On or around April 14, 2009, Plaintiff sent Defendant a letter by certified mail.

11. Plaintiff's letter notified Defendant that Plaintiff was represented by an attorney for bankruptcy and provided the law firm's contact information.

12. Plaintiff's letter instructed Defendant to cease further communication with Plaintiff regarding the Debt.

13. Defendant received Plaintiff's letter on or around April 17, 2009.

14. Despite receipt of Plaintiff's letter, Defendant telephoned Plaintiff in an effort to collect the Debt on several occasions throughout the remainder of April 2009.

15. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

16. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. Defendant violated 15 U.S.C. §1692c in that it communicated with Plaintiff notwithstanding Plaintiff's notice that Plaintiff was represented by an attorney.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692c in that it communicated with Plaintiff notwithstanding its receipt of written cease and desist instructions.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

23. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

24. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: s/ Timothy J. Sostrin
    Timothy J. Sostrin, attorney-in-charge
    IL Bar # 6290807
    SD Texas Bar # 980881
    233 S. Wacker Drive, Suite 5150
    Chicago, IL 60606
    Telephone: 866-339-1156
    Email: tjs@legalhelpers.com
    Attorneys for Plaintiff